**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                                    Case No.  8:05-CR-174-T-30TBM

PELE LA CRUZ WATKINS,

    Defendant.
_____/

**ORDER**

    Before the Court is a letter dated May 4, 2005, addressed to the Undersigned. Attached thereto are a copy of a letter addressed to Assistant United States Attorney Jay Hoffer making a "counter offer" to the Government with respect to the criminal charges brought against Defendant, and a copy of a letter addressed to The Honorable Thomas B. McCoun, III, United States Magistrate Judge, giving him notice of Defendant's counter offer. Each letter is signed by Defendant as "third party intervenor [sic] in [sic] behalf of the Debtor Pele La Cruz Watkins."

    The criminal complaint alleges that Defendant solicited for the arson of a business known as Cupids in Bradenton, Florida, an alleged competitor of the business which employed Defendant at the time he made the solicitation (Case No. 8:05-MJ-221TBM, Dkt. 1). On April 26, 2005, Defendant was charged by indictment with possession of a firearm and ammunition by a convicted felon (Count One), attempt to damage and destroy real property maliciously by means of fire and explosive (Count Two), committing acts with the intent that another person engage in conduct constituting a felony that has as an element the use and attempted use of physical force against the person and property of another

(Count Three), and possession of a firearm and ammunition in furtherance of a violent crime (Count Four) (CR Dkt. 5).

Upon finding Defendant indigent, the Court appointed counsel to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (Dkt. 8).  Title 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In criminal proceedings, the courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive.  *See United States v. Mills*, 704 F.2d 1553, 1557 (11th Cir. 1983); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978 ).[1] Defendant has not been granted leave to proceed in a hybrid fashion.  *See Mills*, 704 F.2d at 1557.

Local Rule 2.03(d) (M.D. Fla. 2004) provides, in pertinent part, that "[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court."  Court-appointed counsel appeared on Defendant's behalf at the detention hearing held on April 26, 2005 (CR Dkt. 3).  Defendant's attempt to correspond with the Court regarding his criminal prosecution violates the rules governing proceedings in this district.

Petitioner should not attempt to correspond directly with a judge or magistrate judge. *See* Local Rule 3.01(f) (M.D. Fla.).[2]  Judges will not, as a matter of policy, respond to

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] "All applications to the Court (i) requesting relief in any form, or (ii) citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing . . . in accordance with this rule and in appropriate form pursuant to Rule 1.05; and, unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like.  All pleadings and papers to be filed shall be filed with the Clerk of the Court and not with the judge thereof, except as provided by Rule 1.03(c) of these Rules." Local Rule 3.01(f) (M.D. Fla.).

personal correspondence when it pertains to a pending case.  This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties.  Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure.  The Court will strike and return any correspondence addressed directly to a judge or magistrate judge.

ACCORDINGLY, the Court **ORDERS** that the **Clerk** shall **STRIKE** Defendant's letter and the attachments thereto.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

<u>Copies furnished to</u>:
Defendant
Counsel of Record